UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES HARTLEY, et al.,<br><br>        Defendants.<br>_____ / | CASE NO.   1:11-cv-00705-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 9)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      PROCEDURAL HISTORY**

Plaintiff Jon Christ ("Plaintiff") is a state prisoner and is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action in state court. Defendant Hartley then removed it to federal court on April 11, 2011. (ECF No. 1.) It has not yet been screened by this Court.

Pending before the Court is Plaintiff's Motion for a Preliminary Injunction filed May 12, 2011. (ECF No. 9.) In the Motion, Plaintiff states that, on April 15, 2011, he was informed by prison staff that all electronic appliances were going to be taken away from all inmates. Plaintiff requests that an injunction be issued to stop this from happening.

Case 1:11-cv-00705-AWI -GBC   Document 12   Filed 09/02/11   Page 2 of 3

## II. **LEGAL STANDARDS**

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## III. **ANALYSIS**

In the his Motion, Plaintiff makes allegations that all electronics will soon be removed from the prison.  Plaintiff states that the prisoners should be allowed to have fans because the ventilation system is inadequate.  He fails to attribute responsibility for this action to any named Defendants.

2

The Court finds that, at this stage in the proceedings, Plaintiff fails to meet the legal standards required to be granted injunctive relief. To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not addressed any of the legal requirements to meet the standard. He does not state anything about the merits of this action, does not refer to any irreparable harm, the balance of equities or the public good.

## IV. CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: September 2, 2011

UNITED STATES MAGISTRATE JUDGE