# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES HARTLEY,<br><br>    Defendant.<br>_____ / | CASE NO. 1:11-cv-00705-AWI-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On February 10, 2011, Plaintiff Jon Christ ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action in Santa Clara Superior Court, pursuant to 42 U.S.C. § 1983, alleging denial of electrical appliances, including TVs, typewriters, fans, and battery rechargers. Doc. 1. On April 11, 2011, Defendants removed this action to Federal Court. *Id.*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

//
//
//

**II. Allegations in Plaintiff's Complaint**

In Plaintiff's complaint, he names Defendant James Hartley, Warden of Avenal State Prison ("Avenal") and Does 1 through 100. Compl. at 8, 10, Doc. 1.[1]

On September 22, 2010, Plaintiff was transferred from Solano State Prison to Avenal. *Id.* at 11. Avenal Staff informed Plaintiff that he cannot have any type of electrical appliance, including TVs, typewriters, fans, and battery rechargers, i.e., nothing that will plug in to an electrical outlet. *Id.* Plaintiff's filed an appeal, which was screened out due to time lapse. *Id.* at 12. Prohibiting electronic appliances does not serve any penological goal. *Id.* For relief, Plaintiff seeks injunctive relief to permit electrical appliances; general damages of $2,000; compensatory damages of $4,000; and punitive damages of $4,000. *Id.* at 19.

**III. Legal Standard and Analysis for Plaintiff's Claims**

**A. Fourteenth Amendment Due Process Deprivation of Property**

Plaintiff's claim under the Due Process Clause is not cognizable, and therefore should be dismissed.

Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Here, the restriction prohibiting Plaintiff from keeping appliances that require an electrical outlet in his cell does not impose an atypical or significant hardship in relation to the ordinary incidents of prison life.

Prison restrictions on the size of personal property that an inmate may possess do not violate the Due Process Clause. *See e.g., Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new prison policy limiting amount of property a prisoner could keep in his cell); *Parkhurst v. Uphoff*, 46 F.3d 1151, *1 (10th Cir. Jan. 4, 1995) (prisoner must be given permission to have electric appliances and that permission may be revoked); *Blackwell v. Pizzola*, 2010 WL 4505813, *6 (E.D. Cal. Nov. 12, 2010) (dismissing due process challenge to confiscation

---

[1] For ease of reference, all citations to page numbers of docketed items are to the page assigned by the court's case management and electronic case filing (CM/ECF) system.

1  of prisoner's JWIN radio as not imposing atypical or signification hardship in relation to the ordinary
2  incidents of prison life); *Vogelsang v. Tilton*, 2008 WL 4891213, *4 (E.D. Cal. Nov.12, 2008)
3  (dismissing due process claim because restrictions on number of appliances inmate is allowed to
4  possess did not impose atypical or significant hardship in relation to the ordinary incidents of prison
5  life); *Martin v. Hurtado*, 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) (dismissing due process
6  challenge because deprivation of inmates's television does not pose an atypical and significant
7  hardship when compared to the ordinary incidents of prison life); *Eaves v. Castro*, 2011 WL 220017,
8  *3 (E.D. Cal. Jan. 24, 2011) (Avenal's prohibition of inmate's JWIN cassette radio player failed to
9  state a claim for due process deprivation of property).
10    Moreover, the restriction does not prohibit all appliances but only those that require an
11  electrical outlet. Accordingly, Plaintiff's claim under the Due Process Clause should be dismissed.

### B. Violation of State Prison Rules and Regulations

13    Plaintiff alleges various violations of state prison rules and regulations. Those violations,
14  without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir.
15  2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events
16  complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue
17  them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934.

### C. Inmate Appeals Process

19    Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims
20  for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a
21  procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,
22  997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982));
23  *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of
24  appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,
25  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann
26  v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty
27  interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568
28  F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### D. Personal Participation and Doe Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948–49.

Plaintiff fails to allege any facts personally linking the Doe Defendants to the alleged rights violations. There is no evidence that these Defendants personally participated in the events alleged in Plaintiff's Complaint. They cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each personally violated, or knowingly directed a violation of his constitutional rights.

Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129

S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 3, 2012

UNITED STATES MAGISTRATE JUDGE