# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES HARTLEY,<br><br>　　　　　Defendant. | ) 1:11cv00705 AWI DLB PC<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF ACTION<br>) FOR FAILURE TO STATE ANY CLAIMS<br>) AND DENIAL OF MOTION TO DISMISS<br>) AS MOOT<br>) (Document 19)<br>)<br>) THIRTY-DAY OBJECTION DEADLINE |

　　　　Plaintiff Jon Christ ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was removed from the Santa County Superior Court on April 11, 2011, and transferred to this Court on April 29, 2011.  On April 3, 2012, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim.  Plaintiff filed his First Amended Complaint ("FAC") on August 8, 2012, naming Avenal State Prison Warden James Hartley as the sole Defendant.

　　　　On November 16, 2012, prior to the Court's screening of the FAC, Defendant filed a Motion to Dismiss the action for failure to state a claim.  However, the motion was served on

Plaintiff at his old address and thus he did not file an opposition.[1]  As the Court is now screening the FAC sua sponte pursuant to 28 U.S.C. § 1915(A), the Motion to Dismiss is moot and the service error is not relevant.

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County,

---

[1] Plaintiff filed a Notice of Change of Address to San Quentin on July 26, 2012.  The November 16, 2012, Motion to Dismiss was served on Plaintiff at his prior address at Avenal State Prison.

Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on September 22, 2010, he was moved from Solano State Prison, level 2, to Avenal State Prison, level 2. Upon his arrival and as staff were reviewing his property, he was informed that Defendant Hartley forbid any inmates from possessing "anything that plugs into a wall elect. outlet." FAC, at 4. Plaintiff contends that all level 2 inmates within the California prison system should be able to have the same items, regardless of prison. Plaintiff requests that he be given his television, fan, battery recharger, electric typewriter and other electrical appliances. He seeks no further relief.

**C.     ANALYSIS**

   1.     *Due Process*

It is unclear from Plaintiff's allegations whether his property was taken from him upon his arrival, or whether he is simply challenging Avenal's policy prohibiting appliances that plug into wall outlets.

To the extent that he challenges the policy and alleges a liberty interest in possessing such items, the Court previously explained why this did not state a claim in the first screening order. As the Court explained in its April 3, 2012, order:

> Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Here, the restriction prohibiting Plaintiff from keeping appliances that require an electrical outlet in his cell does not impose an atypical or significant hardship in relation to the ordinary incidents of prison life.

3

     Prison restrictions on the size of personal property that an inmate may possess do not violate the Due Process Clause. See e.g., Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new prison policy limiting amount of property a prisoner could keep in his cell); Parkhurst v. Uphoff, 46 F.3d 1151, *1 (10th Cir. Jan. 4, 1995) (prisoner must be given permission to have electric appliances and that permission may be revoked); Blackwell v. Pizzola, 2010 WL 4505813, *6 (E.D. Cal. Nov. 12, 2010) (dismissing due process challenge to confiscation of prisoner's JWIN radio as not imposing atypical or signification hardship in relation to the ordinary incidents of prison life); Vogelsang v. Tilton, 2008 WL 4891213, *4 (E.D. Cal. Nov.12, 2008) (dismissing due process claim because restrictions on number of appliances inmate is allowed to possess did not impose atypical or significant hardship in relation to the ordinary incidents of prison life); Martin v. Hurtado, 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) (dismissing due process challenge because deprivation of inmates's television does not pose an atypical and significant hardship when compared to the ordinary incidents of prison life); Eaves v. Castro, 2011 WL 220017, *3 (E.D. Cal. Jan. 24, 2011) (Avenal's prohibition of inmate's JWIN cassette radio player failed to state a claim for due process deprivation of property).

     Moreover, the restriction does not prohibit all appliances but only those that require an electrical outlet. Accordingly, Plaintiff's claim under the Due Process Clause should be dismissed.

     Plaintiff's FAC simply repeats the main allegations in his original compliant, and therefore this analysis remains the same.

     To the extent that Plaintiff alleges that his property was confiscated, his allegation would be analyzed as a deprivation of property. An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

4

Here, Plaintiff appears to allege an authorized intentional deprivation of certain electrical appliances pursuant to Avenal's policy. However, he fails to allege that he was deprived of any procedural protections. "Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). There are also instances where a post-deprivation remedy, such as the prison grievance process, satisfies procedural due process requirements. Wright v. Riveland, 219 F.3d 905, 918 (9th Cir. 2000). Plaintiff states that he filed an inmate appeal. Accordingly, even assuming that Plaintiff was entitled to some kind of procedural due process, he fails to allege sufficient facts to state a claim for which relief can be granted.

2.  *Eighth Amendment*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).  To succeed on an Eighth Amendment conditions of confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  <u>Farmer</u>, 511 U.S. at 834.  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Hudson</u>, 503 U.S.at 9.

Here, Plaintiff's allegation that he was not allowed to have electrical appliances that plug into a wall outlet does not constitute a deprivation of the minimal civilized measure of life's necessities.  He therefore fails to state a claim under the Eighth Amendment.

3.  *Relief Requested*

Plaintiff requests only that he be allowed to have electrical appliances that plug into an outlet.  However, Plaintiff is no longer incarcerated at Avenal State Prison.  Transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n. 5 (9th Cir.2007).

Accordingly, even if Plaintiff's FAC stated a claim, or could be amended to state a claim, his sole request for relief is moot.

**RECOMMENDATION**

Plaintiff fails to state any cognizable claims against Defendant.  Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified, yet he has failed to do so.  Plaintiff appears unable to state a claim and therefore further leave to amend should not be granted.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

///

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and

3. Defendant's Motion to Dismiss be DENIED AS MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2013**                        /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE